der the judgment in that case the mule was taken from appellee's possession. On the undisputed facts the lower court correctly instructed a verdict in favor of appellee, and on the verdict judgment was correctly rendered in his favor.

The judgment of the lower court is in all things affirmed.

## WHITEHEAD v. HARGIS.

No. 3303.

Court of Civil Appeals of Texas.

Beaumont.

June 9, 1938.

## HARTFORD ACCIDENT & INDEMNITY CO. v. SHELTON.

No. 5226.

Court of Civil Appeals of Texas.

Texarkana.

June 9, 1938.

Glenn Faver, of Jasper, for appellant.

Minton & Minton, of Hemphill, for appellee.

O'QUINN, Justice.

An action in county court of Jasper County by appellee, W. B. Hargis, against appellant, J. F. Whitehead, for title and possession of certain cattle described in appellee's petition, and in the alternative for their value.

On appellee's petition and the undisputed evidence, he traded the cattle in issue to appellant for a certain mule, on representations that appellant owned the mule. In litigation, subsequent to the trade, it was found that appellant did not own the mule and that he had secured the title and possession of appellee's cattle by false representations; under writ of possession un-